IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RENE CASTILLO, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 5:20-cv-1269-FB-ESC

**ISEC INCORPORATED**     **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Named Plaintiff Rene Castillo, individually and on behalf of all others similarly situated ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"), and Defendant ISEC Incorporated (collectively, the "Parties") hereby file this Joint Motion to Approve Settlement. The Parties seek approval of their Settlement Agreement and Release of Claims attached hereto as Exhibit 1 ("Agreement") under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

### I.   BACKGROUND

On October 26, 2020, Named Plaintiff filed this lawsuit against Defendant seeking to recover unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act (the "FLSA"). *See* ECF No. 1. On October 29, 2021, Named Plaintiff filed a Motion for Conditional Certification seeking certification of a collective, and on November 2, 2021, this Court granted Named Plaintiff's Motion, conditionally certifying the following collective: "All hourly paid Laborers and Carpenters employed by Defendant who received a bonus in connection with work performed in at least one week in which

Page 1 of 4
Rene Castillo, et al. v. ISEC Incorporated
U.S.D.C. (W.D. Tex.) No. 5:20-cv-1269-FB-ESC
Joint Motion for Approval of Settlement

they worked over forty hours since October 26, 2018." An opt-in period ensued, and 21 individuals returned Consents to Join, becoming Opt-In Plaintiffs. Ultimately there are now 22 Plaintiffs in the lawsuit.

Plaintiffs allege that Defendant paid them an improper overtime rate for all hours worked over 40 in each week. Specifically, Plaintiffs allege that Defendant failed to include non-discretionary bonuses into the calculation of Plaintiffs' overtime rate, thereby violating the FLSA. Defendant filed an answer denying Plaintiffs' allegations, maintaining that Plaintiffs were adequately compensated for all hours worked, and maintaining that Defendant acted at all times in good faith and in the reasonable belief that its actions were in compliance with the FLSA.

During the course of discovery, the Parties (through counsel) privately negotiated and agreed to general terms for settlement, which the Parties have refined into the terms of a Settlement Agreement, a copy of which is filed as Exhibit 1 to this Motion (the "Agreement").

## II.     THE NEED FOR COURT APPROVAL

While Court approval of a bona-fide dispute under the FLSA is not always required in the Fifth Circuit, the parties are nonetheless seeking court approval of the settlement in order to ensure the effectiveness of their settlement. *See* 29 U.S.C. § 216; *Martin v. Spring Break '83 Productions,* 688 F.3d 247 (5th Cir. 2012)*; Martinez v. Bohls Bearing Equip. Co.,* 361 F.Supp.2d 608 (W.D.Tex. 2005); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp., 163* F.2d 960, 961 (5th Cir. 1947).

Page 2 of 4
Rene Castillo, et al. v. ISEC Incorporated
U.S.D.C. (W.D. Tex.) No. 5:20-cv-1269-FB-ESC
Joint Motion for Approval of Settlement

### III. THE SETTLEMENT IS FAIR AND REASONABLE

The Parties' settlement is fair and reasonable because it resolves bona fide disputes. Plaintiffs claim that they were paid an improper overtime rate because Defendant did not include non-discretionary bonuses into Plaintiffs' overtime rate calculations. Defendant categorically denies that they incorrectly calculated Plaintiffs' overtime rate and maintains that any bonuses which were excluded from Plaintiffs' regular rate of pay were discretionary. *See* ECF No. 5.

Following discovery including the provision of time and payroll records, Plaintiffs' counsel calculated Plaintiffs' damages assuming that all arguably non-discretionary bonuses were included within the regular rate of pay when calculating any overtime pay for Plaintiffs' hours over 40 in any week. Under the terms of the settlement, each Plaintiff is receiving an amount in excess of 100% of these damages as calculated, including doubling for liquidated damages. Plaintiffs with less than $100.00 in total calculated damages were allotted a settlement minimum of $100.00. These amounts are especially reasonable due to Defendant's position that Plaintiffs were at all times properly paid under the FLSA.

The Agreement also contains a component of attorneys' fees and costs under which Plaintiffs' counsel will receive the amount of $10,942.60. Plaintiffs' counsel aver that this amount is reasonable given the favorable outcome secured for Plaintiffs and the work performed on this case. To date, Plaintiff's counsel has billed over $24,000.00 to this matter, taking it from preliminary fact investigation and Complaint drafting, to informal discovery, disclosures, and damages calculations, through settlement negotiations and finalization. At just 45% of the billing to date, the amount in settlement of fees is

Page 3 of 4
Rene Castillo, et al. v. ISEC Incorporated
U.S.D.C. (W.D. Tex.) No. 5:20-cv-1269-FB-ESC
Joint Motion for Approval of Settlement

reasonable, particularly considering that Plaintiffs and opt-in Plaintiffs received their full, liquidated damages.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court approve their settlement, dismiss all claims in this case with prejudice, and retain jurisdiction over the matter to enforce the terms of settlement.

Respectfully submitted,

**RENE CASTILLO, Individually And on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**and**   **ISEC INCORPORATED DEFENDANT**

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: (303) 861-7760
Facsimile: (303) 861-7767

*/s/ John M. Lynch*
John M. Lynch
Tex. Bar No. 24063968
John.lynch@lewisbrisbois.com

Page 4 of 4
Rene Castillo, et al. v. ISEC Incorporated
U.S.D.C. (W.D. Tex.) No. 5:20-cv-1269-FB-ESC
Joint Motion for Approval of Settlement

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2023, a true and correct copy of the foregoing MOTION FOR APPROVAL was filed with the Clerk of Court via the CM/ECF system which served a copy to the following:

John M. Lynch
Lewis, Brisbois, Bisgaard & Smith, LLP
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
John.lynch@lewisbrisbois.com

                                              */s/ Josh Sanford*
                                              Josh Sanford

**Page 5 of 4**
**Rene Castillo, et al. v. ISEC Incorporated**
**U.S.D.C. (W.D. Tex.) No. 5:20-cv-1269-FB-ESC**
**Joint Motion for Approval of Settlement**