# SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Rene Castillo ("Named Plaintiff"), individually and on behalf of the Opt-In Plaintiffs (together with Named Plaintiff, "Plaintiffs"), and ISEC Incorporated ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>.  On October 26, 2020, Named Plaintiff filed the Civil Action, *Rene Castillo v. ISE Incorporated*, No. 5:20-cv-1269 (the "Action") in the United States District Court for the Western District of Texas (the "Court"). In the Action, Named Plaintiff claims that Defendant failed to pay Named Plaintiff and similarly situated employees their proper overtime amounts due under the Fair Labor Standards Act ("FLSA"). The Court in the Action certified a collective of "[a]ll hourly-paid Laborers and Carpenters employed by Defendant who received a bonus in connection with work performed in at least one week in which they worked over forty hours since October 26, 2018." Following a Court-approved Notice period, 22 individuals submitted Consents to Join the Action ("Opt-In Plaintiffs").

3. <u>Non-Admission</u>.  Defendant denies that it or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total sum of **Sixteen Thousand Five Hundred Dollars** ($16,500.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within fourteen (14) days from the date the Court approves this Agreement, in the following amounts:

> a. Defendant shall pay the gross sum of $5,557.40 to Plaintiffs (the "Settlement Fund") as set forth in Appendix A to this Agreement. Of this amount, $1,000.00 will be paid to Rene Castillo as a service award in exchange for his signing of the global release herein and for his time spent litigating the Action, with no withholdings taken from the payment (the "Service Award"). Defendant will report the Service Award payment on an IRS Form 1099.

      b.    Defendant shall deliver to the Sanford Law Firm a check for each Plaintiff for payments from the Settlement Fund, other than the Service Award. The check will be allocated as wages, and Defendant shall withhold payroll taxes from this payment, which will be reported on an IRS Form W-2. Defendant will reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel.

      c.    In addition to the payments above, Defendant shall deliver a check payable to Plaintiffs' counsel in the sum of $10,942.60 for attorneys' fees and costs incurred in the Action. Defendant will issue an IRS Form 1099 to Plaintiffs' counsel for the attorneys' fees and cost payment. Defendant agrees that these agreed fees and costs are reasonable. If the Court requires approval of fees and costs, Defendant shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs. To the extent that the Court approves a lesser amount than provided in this Paragraph for attorneys' fees and litigation costs, the unapproved amounts will be allocated to Plaintiffs on the same pro rata basis as described in Appendix A.

5.    <u>Dismissal of Claims with Prejudice</u>.  Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion to Approve Settlement, in a form to be agreed upon by the Parties.

6.    <u>Release of Claims</u>.  In consideration of the payment in Paragraph 4, Plaintiffs, on their own behalf, and on behalf of their heirs, descendants, dependents, executors, successors, assigns, and administrators, fully release and discharge Defendant and their previous and present parents, subsidiaries, affiliates, predecessors, successors, representatives, officers, owners, investors, directors, agents, attorneys, accountants, assigns, and employees, in their personal, individual, official, and/or corporate capacities (collectively, the "Released Parties"), from any and all claims arising between October 26, 2018 and October 26, 2020, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Opt-In Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, regarding failure to pay minimum wages and/or overtime wages.

Doc ID: 393bc76c946e6bcaaa1b645f1ad7657c47ad7452

7. <u>Covenant Not to Sue</u>.  Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

8. <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

9. <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

10. <u>Choice of Law</u>.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Texas, except where the application of federal law applies.

11. <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

12. <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

13. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

14. <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 393bc76c946e6bcaaa1b645f1ad7657c47ad7452

| NAMED PLAINTIFF: | DEFENDANT: |
|---|---|
| *signature* | *signature* |
| **Rene Castillo** | **ISEC Incorporated** |
| Date: 05 / 12 / 2023 | By (print): Greg Timmerman, CEO |
| | Date: 5/16/23 |

- 4 -

Doc ID: 393bc76c946e6bcaaa1b645f1ad7657c47ad7452