IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RENE CASTILLO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; JAMES CHAMBERS, ARTHUR DELANEY, CHRISTOPHER SEAN HINRICHS, JOSHUA HONG, LINDSAY LYTHGOE, BRIAN MCKINNEY, STEVEN LEE NORTHCUTT, RANDALL LEE REEVES, JOEL WILSON, GEORGE P. SNYDER, EVAN HERNANDEZ, STEVEN L. NORTHCUTT, BRIAN S. SUTTI, KENNETH COOPER, JAMES CHAMBERS, JACK D JOHANSEN, LEO HERNANDEZ, GUILLERMO PENA, SHLOTTIE J. PARKER, WARREN D. PAINTER, JORDAN M. MOLINA, CRISTIAN P. BARRELLEZA, <br><br>         *Plaintiffs,*<br><br>vs.<br><br>ISEC INCORPORATED,<br><br>         *Defendant.* | SA-20-CV-01269-FB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the parties' Joint Motion for Approval of Settlement [#45]. This action was referred to the undersigned for pretrial proceedings pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the parties' motion [#45] be **GRANTED**.

1

Plaintiff Rene Castillo filed this action, on behalf of himself and all other laborers and carpenters who worked for Defendant ISEC Incorporated and received bonuses during weeks in which they worked more than 40 hours.  Plaintiff's lawsuit seeks overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  Plaintiff claims that class members were paid an improper overtime rate because Defendant did not include non-discretionary bonuses into the overtime rate calculations.  The parties jointly moved for notice to be issued to prospective class members, and the Court issued notice on November 2, 2021.  Numerous additional plaintiffs have opted into the suit, and the parties have reached a settlement as to all claims asserted in this lawsuit.  The parties have submitted for the Court's review a copy of their Settlement Agreement [#45-1] and request approval of the agreement.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355).  The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval, however, as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'"  *Id.* (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

The reach of *Martin* is unclear, however, as the circumstances in that case involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA

settlement that was negotiated by lawyers prior to any lawsuit being filed.  *See id.*   Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay and not substantive FLSA rights themselves (*e.g.*, whether an employee is exempt).  *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action).

Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Foods* approach, and these courts review FLSA settlement agreements for fairness where parties request an ex-ante fairness review of a settlement negotiated during active FLSA litigation.  *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1.  Given the ambiguity regarding the reach of *Martin*, that the parties are requesting their proposed agreement be reviewed, and that it is still common practice for some district courts in this Circuit to review FLSA settlements, the undersigned will review the parties' proposed settlement for reasonableness in this case.

The parties' joint motion establishes that the parties have a bona fide dispute over both liability and damages owed to Plaintiffs.  Plaintiffs allege that Defendant incorrectly calculated their rate of pay for purposes of computing overtime compensation by excluding non-discretionary bonuses.  Defendant has consistently maintained that it correctly calculated Plaintiffs' overtime rate and maintains that any bonuses that were excluded from Plaintiffs' regular rate of pay were discretionary.

The parties' proposed settlement agreement is also a fair and reasonable resolution of their dispute. Under the terms of the settlement, Plaintiffs shall receive the gross sum of $5,557.40. Of this amount, $1,000 will be paid to Plaintiff Rene Castillo as a service award in exchange for his time spent in this litigation. Though the settlement amount is small, each Plaintiff is receiving an amount in excess of 100% of Plaintiffs' counsel's calculation of damages, including doubling for liquidated damages. Plaintiffs with less than $100.00 in total calculated damages have been allotted a settlement minimum of $100.00. The Agreement also contains a component of attorneys' fees and costs under which Plaintiffs' counsel will receive the amount of $10,942.60. To date, Plaintiffs' counsel has billed over $24,000.00 to this matter, including for preliminary fact investigation and Complaint drafting; drafting informal discovery and disclosures; calculating damages; and settlement negotiations and finalization. The attorney's fees allotted for counsel under the settlement agreement represent 45% of the billing to date.

The undersigned has considered the parties' proposed settlement and finds it to be a fair and reasonable resolution of a bona fide dispute about wages under the Fair Labor Standards Act.

### III.  Conclusion and Recommendation

Accordingly, the undersigned recommends that the parties' Joint Motion for Approval of Settlement [#45] be **GRANTED** and that the Court approve the parties' Confidential Settlement Agreement and dismiss this case with prejudice, while retaining jurisdiction for 30 days to enforce the terms of the agreement.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of May, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE